■ In the Matter of RICHARD SACK et al., Appellants, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL, Respondent, and CHARLOTTE DEUTSCH, Intervenor-Respondent. [673 NYS2d 420] —Order and judgment (one paper), Supreme Court, New York County (Lorraine Miller, J.), entered February 10, 1997, which, inter alia, denied that part of petitioners' application pursuant to CPLR article 78 seeking to annul the June 16, 1995 determination of respondent New York State Division of Housing and Community Renewal (DHCR) that petitioners were rent stabilized rather than rent controlled tenants, unanimously affirmed, without costs.

We agree with Supreme Court that the Commissioner's order, finding that petitioners' apartment was subject to the Rent Stabilization Law rather than the rent control laws, had a rational basis and was not arbitrary and capricious (see, Matter of Pell v Board of Educ., 34 NY2d 222, 230-231). After the subject building's J-51 tax abatements expired in 1982, petitioners' apartment became decontrolled (see, 143-145 W. 81st Corp. v Troncelliti, NYLJ, May 23, 1985, at 6, col 5 [App Term, 1st Dept]; In re Dubois [Joy], NYLJ, Sept. 15, 1976, at 12, col 1 [Sup Ct, NY County]). While the building, by reason of containing fewer than six housing accommodations, did not become subject to the Rent Stabilization Law immediately af-

ter the tax benefits ended, in June of 1985, with the enactment of chapters 288 and 289 of the Laws of 1985, providing, as is here relevant, that apartments in buildings that had received J-51 tax benefits became, upon the termination of those benefits, subject to rent stabilization until the first subsequent vacancy, petitioners' apartment, resided in continuously by petitioners since 1973, was brought under rent stabilization.

We have considered petitioners' remaining contentions and find them to be without merit. Concur—Milonas, J. P., Nardelli, Mazzarelli and Andrias, JJ.